# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA USA, ) ) ) Plaintiff, ) ) v. ) ) METRO CONTRACTING, INC., AUDREY GRIEBE, AND STEPHEN GRIEBE, ) ) ) ) Defendants. ) ) AUDREY GRIEBE, ) Third-Party Plaintiff, ) ) v. ) ) JUSTIN ALBRIGHT and CASSEY WHITE a/k/a CASSEY GAWITH, ) ) ) Third-Party Defendants. ) ) | Case No.: 2:13-cv-02266-PMD-WWD<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court upon a Motion to Dismiss filed by Plaintiff The Guarantee Company of North America USA ("Plaintiff" or "Guarantee") (Dkt. No. 38). On August 5, 2014, a hearing was held on Plaintiff's Motion to Dismiss (Dkt. No. 38), as well as Defendant Audrey Griebe's ("Mrs. Griebe") Motion for Sanctions (Dkt. No. 62) and Plaintiff's Motion to Strike the Motion for Sanctions (Dkt. No. 64).

Plaintiff's Motion to Strike (Dkt. No. 64) was denied at the August 5, 2014, hearing. (See Dkt. No. 104.) Mrs. Griebe's Motion for Sanctions (Dkt. No. 62) is being denied via a separate order, issued contemporaneously with the instant Report and Recommendation.

Herein, the undersigned recommends granting Plaintiff's Motion to Dismiss (Dkt. No. 38.)[1] Rule 41(a)(2) provides as follows:

---

[1] Plaintiff's case against Defendants Metro Contracting Inc. and Stephen Griebe has already been dismissed. (See Dkt. No. 77.)

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2). Defendant Mrs. Griebe pled several other claims, including cross-claims and third-party claims, but she did not plead a counterclaim.[2] Accordingly, the instant case may be dismissed "on terms that the court considers proper." Id.

Mrs. Griebe filed a Response in Opposition to the Motion to Dismiss, asserting it should be granted only after awarding her attorney's fees and costs, as well as conditioning the dismissal upon Plaintiff's production of various documents. (See generally Dkt. No. 48.) Mrs. Griebe's request for attorney's fees and costs has been denied in the contemporaneously issued Order on her Motion for Sanctions, and the undersigned ascertains no reason to condition Plaintiff's request to dismiss its lawsuit upon Plaintiff's production of documents. The case Mrs. Griebe cites to support her position, In re Vitamins Antitrust Litig., 198 F.R.D. 296 (D.D.C. 2000), is easily distinguishable from the case *sub judice*. In Vitamins Antitrust, the dismissal was conditioned upon production of documents that had already been requested, and the special master had already recommended that the plaintiffs be ordered to respond, at the time the plaintiffs sought dismissal. See Vitamins Antitrust, 198 F.R.D. 296. Plaintiff's request to dismiss its case should be granted, unconditionally; the undersigned recommends granting Plaintiff's Motion to Dismiss (Dkt. No. 38), and dismissing Plaintiff's claims against Mrs. Griebe with prejudice.

If the District Judge assigned to this case adopts the recommendation to grant Plaintiff's Motion to Dismiss (Dkt. No. 38), the undersigned further recommends dismissing Mrs. Griebe's remaining claims, her cross-claims against Stephen Griebe and Metro Contracting, Inc. See 28

---

[2] Mrs. Griebe's third-party claims have already been dismissed. (See Dkt. No. 41; Dkt. No. 105.)

U.S.C. § 1367(c)(3); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

**IT IS SO RECOMMENDED**.

*/s/ Wallace W. Dixon*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

August 15, 2014
Charleston, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).