# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| The Guarantee Company of North America USA, | ) ) ) |
| Plaintiff, | ) ) C.A. No.: 2:13-cv-02266-PMD |
| v. | ) ) **ORDER** |
| Metro Contracting, Inc.; Audrey Griebe; and Stephen Griebe, | ) ) ) ) |
| Defendants. | ) ) |
| Audrey Griebe, | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| Justin Albright and Cassey White a/k/a Cassey Gawith, | ) ) ) |
| Third-Party Defendants. | ) ) |

This matter is before the Court on the Report and Recommendation (ECF No. 112) ("R&R") of the Magistrate Judge, recommending that the Court grant Plaintiff The Guarantee Company of North America USA's ("Plaintiff") Motion to Dismiss (ECF No. 38). Defendant Audrey Griebe ("Ms. Griebe") timely filed Objections (ECF No. 115) to the R&R. As detailed below, the Court has carefully reviewed and considered the entire record, including Ms. Griebe's Objections, and finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Accordingly, the Court hereby adopts the Magistrate Judge's R&R and fully incorporates it into this Order.

The present action is also before the Court on Ms. Griebe's Objections (ECF No. 116) to the Magistrate Judge's August 15, 2014 Order (ECF No. 110) ("Rule 11 Order") denying her Motion for Rule 11 Sanctions (ECF No. 62) ("Motion for Sanctions"). For the reasons that follow, the Court overrules Ms. Griebe's Objections and affirms the Magistrate Judge's Rule 11 Order.

The final motion pending before the Court is Plaintiff's Motion for Entry of Judgment (ECF No. 83) against Mr. Griebe and Defendant Metro Contracting, Inc. ("Metro"), which has been fully briefed and is ripe for disposition. As explained in greater detail herein, given the Court's action on the Magistrate Judge's R&R and Rule 11 Order, the Court grants Plaintiff's Motion for Entry of Judgment.

## **BACKGROUND**[1]

On August 21, 2013, Plaintiff filed this indemnity action against Metro, Ms. Griebe, and Mr. Griebe, asserting that this Court has diversity jurisdiction. Plaintiff alleges that it "executed, as surety, various performance and payment bonds on behalf of Metro, for various construction projects to be performed" around South Carolina. (Compl. 2, ¶ 7, ECF No. 1). Plaintiff further alleges that "[t]o induce Guarantee to execute bonds for Metro," Mr. and Ms. Griebe, individually, and Mr. Griebe, on behalf of Metro, "all as Indemnitors, executed a General Agreement of Indemnity ("GAI") on or about August 26, 2008." (*Id.* ¶ 8.)

Plaintiff's Complaint lists the following causes of action: (1) breach of contract, (2) specific performance, (3) injunctive relief, (4) fraudulent conveyance, (5) fraud,

---
1. The Magistrate Judge's Rule 11 Order sets forth in detail the relevant facts of this case and includes citations to the record. (ECF No. 110, at 1–3). Because the Parties did not object to the Magistrate Judge's factual recitation and because the Court finds that the Magistrate Judge's factual recitation accurately reflects the record, the Court adopts the Magistrate Judge's summary of the relevant facts for purposes of this Order. Thus, the Court sees no need to repeat the details here and instead gives only a brief overview of the factual and procedural background.

(6) prejudgment attachment, and (7) unfair and deceptive trade practices. Plaintiff seeks, *inter alia*, actual damages in the amount of $712,057.07.

Ms. Griebe filed an Answer along with a cross-claim against Mr. Griebe and Metro and a Third-Party Complaint against Justin Albright ("Albright") and Cassey White a/k/a Cassey Gawith ("White"). Ms. Griebe alleges that Mr. Griebe forged her signature on the GAI; thus, she denies both that she executed the GAI and that she is an indemnitor under the agreement. Ms. Griebe further alleges that when Mr. Griebe forged Ms. Griebe's signature on the GAI, the signature was witnessed by Albright and notarized by White. Ms. Griebe asserts the following causes of action in her cross-claim and Third-Party Complaint: (1) equitable indemnity, (2) conspiracy, and (3) forgery.

On December 13, 2013, Plaintiff filed the instant Motion to Dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. In the Motion to Dismiss, Plaintiff states that after reaching a settlement with Metro and Mr. Griebe, Plaintiff's counsel subsequently circulated a stipulation of dismissal, which counsel for Ms. Griebe refused to sign. Ms. Griebe thereafter filed a responsive pleading, titled "Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss; and Motion for Attorney's Fees." In opposing Plaintiff's requested voluntary dismissal, Ms. Griebe explains that she did not agree to the dismissal because she seeks attorney's fees in the amount of $43,195.17, contending that Plaintiff pursued its claims against her either recklessly or in bad faith.

On February 24, 2014, Ms. Griebe filed a Motion for Sanctions against Plaintiff's counsel, Kimila L. Wooten, and Ms. Wooten's law firm, Elmore Goldsmith, P.A. Ms. Griebe asserts that the suit against her was frivolous, because "Plaintiff had no evidence that Mrs. Griebe had signed [the GAI] but had a plethora of evidence that she had not signed it plus clear

3

evidence of fraud." (Mot. for Sanctions 5). In her Motion for Sanctions, Ms. Griebe seeks attorney's fees and costs in the amount of $39,207.50.

Plaintiff filed a Motion to Strike the Motion for Sanctions on February 27, 2014, essentially maintaining that the Motion for Sanctions is improper because Plaintiff sought to voluntarily dismiss its claims before Ms. Griebe filed the Motion for Sanctions. Ms. Griebe opposed Plaintiff's Motion to Strike, asserting both that such a motion is itself procedurally improper and that the arguments asserted therein lack merit.

On March 24, 2014, Plaintiff filed a Confession of Judgment executed by Metro and Mr. Griebe in the amount of $2 million. Plaintiff's claims against Metro and Mr. Griebe were subsequently dismissed. On June 24, 2014, Plaintiff filed a Motion for Entry of Judgment, asking that the Court enter judgment against Metro and Mr. Griebe pursuant to the Confession of Judgment. Ms. Griebe thereafter filed a Response, and Plaintiff has filed a Reply.

On August 5, 2014, the Magistrate Judge held a hearing on all pending motions, with the exception of Plaintiff's Motion for Entry of Judgment. At the conclusion of the hearing, the Magistrate Judge denied Ms. Griebe's Motion for Sanctions, as well as Plaintiff's Motion to Strike. The Magistrate Judge issued the Rule 11 Order on August 15, 2014, memorializing its oral ruling. Contemporaneously with the issuance of the Rule 11 Order, the Magistrate Judge also entered the R&R, which recommends granting Plaintiff's Motion to Dismiss. Ms. Griebe timely filed Objections to both the Rule 11 Order and the R&R. Plaintiff subsequently filed a Response as to each of Ms. Griebe's Objections. Accordingly, the pending matters are now ripe for consideration.

4

**STANDARD OF REVIEW**

**I.     R&R**

A magistrate judge makes only a recommendation to this Court on dispositive matters heard pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to the magistrate judge's proposed findings and recommendations within fourteen days after being served a copy of the recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This Court is charged with conducting a de novo review of any portion of a recommendation to which a specific objection is registered, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. 28 U.S.C. § 636(b)(1). Additionally, the Court may receive additional evidence or recommit the matter to the magistrate judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the magistrate judge. *See Thomas v. Arn*, 474 U.S. 140 (1985). In the absence of a timely filed, specific objection—or as to those portions of the Magistrate Judge's recommendation to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the recommendation, this Court need not provide any explanation for adopting the magistrate judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**II.     Rule 11 Order**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, and in accordance with 28 U.S.C. § 636, a magistrate judge may hear and decide "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). Rule 72(a) further provides that a dissatisfied party may file objections to the magistrate judge's order within fourteen days after being served with a copy of the order. *Id.* Upon receipt of timely filed objections, "[t]he district judge in the case must consider [the] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *King v. Marriott Intern., Inc.*, C.A. No. 9:05–1774–PMD–RSC, 2006 WL 2092592, at *3 (D.S.C. July 26, 2006). This Court may not reverse a decision of a magistrate judge under Rule 72(a) "simply because it is convinced that it would have decided the matter differently." *Anderson*, 470 U.S. at 573.

## DISCUSSION

**I.     The Magistrate Judge's R&R on Plaintiff's Motion to Dismiss**

Ms. Griebe first objects to the Magistrate Judge's recommendation that this Court grant Plaintiff's Motion to Dismiss. Rule 41(a) of the Federal Rules of Civil Procedure governs voluntary dismissals of federal actions. Under Rule 41(a)(1)(A), a plaintiff may voluntarily dismiss an action without a court order by filing either: (1) a notice of dismissal before the opposing party has filed an answer or moved for summary judgment, or (2) a stipulation of

6

dismissal signed by all parties that have appeared. Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). Pertinent to this case, Rule 41(a)(2) provides that in any other circumstance, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.* R. 41(a)(2).[2]

"The primary force of [Rule] 41(a)(2) is to empower district courts to exercise discretion over voluntary dismissals . . . ." *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007). Although the decision is committed to the sound discretion of the trial court, the "purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* (citing *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986); *Hoffman v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Thus, a district court should grant a Rule 41(a)(2) motion "absent plain legal prejudice to the defendant." *Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001); *see also Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) ("A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant."). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2).

As outlined above, Plaintiff filed the instant Motion to Dismiss on December 13, 2013, seeking an order dismissing this lawsuit in light of Ms. Griebe's refusal to sign a stipulation of

---

2.   However, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Here, Ms. Griebe has pleaded several other claims, including cross-claims and third-party claims, but she has not pleaded a counterclaim. Therefore, the instant case may be dismissed "on terms that the court considers proper." *Id.*

7

dismissal.[3] In opposing the Motion to Dismiss, Ms. Griebe asserts that Plaintiff's claims should be dismissed only after awarding Ms. Griebe the attorney's fees and costs that she incurred in defending what she considers a frivolous case. Additionally, Ms. Griebe requests that dismissal be further conditioned upon Plaintiff's production of various documents.[4]

Following the Parties' extensive briefing, as well as a lengthy and contentious hearing, the Magistrate Judge entered the subject R&R, recommending that this Court grant Plaintiff's request to voluntarily dismiss the present matter but deny Ms. Griebe's request to place specific conditions on dismissal. More specifically, the R&R recommends rejecting Ms. Griebe's request that the Court condition dismissal upon Plaintiff's production of certain documents, finding the case cited by Ms. Griebe "easily distinguishable from the case *sub judice*." (R&R 2). With regard to Ms. Griebe's request for attorney's fees and costs, the Magistrate Judge referenced the Rule 11 Order in noting that Ms. Griebe's request had been denied by separate order. Thus, the Magistrate Judge concludes that this Court should grant, unconditionally, Plaintiff's Motion to Dismiss and dismiss Plaintiff's claims against Ms. Griebe with prejudice.

In her Objections to the R&R, Ms. Griebe does not specifically object to the Magistrate Judge's recommendation that dismissal not be conditioned on Plaintiff's production of certain documents. Ms. Griebe does, however, take issue with the Magistrate Judge's exclusive reliance on the Rule 11 Order in denying her request to condition dismissal on an award of attorney's fees and costs. Ms. Griebe contends that independent of the Motion for Sanctions and without regard

---

3. Notably, Plaintiff's claims against Metro and Mr. Griebe were dismissed on April 15, 2014. (ECF No. 77).
4. Ms. Griebe requests that the Court condition its dismissal upon Plaintiff producing the following documents: (1) "the settlement agreement it reached with Metro Contracting, Inc. and Stephen Griebe"; (2) "all emails between Ms. Wooten and Eric Laquiere, Esq., counsel for Metro Contracting, Inc."; (3) "all correspondence between Ms. Wooten and any other person or entity that is relevant to conduct by Mr. Griebe and Mr. Laquiere in causing this case to be brought"; and (4) "all correspondence between Ms. Wooten and any other person or entity that is relevant to showing why Plaintiff had no need to bring this lawsuit against Mrs. Griebe as evidenced by the settlement agreement reached with Metro Contracting and Mr. Griebe." (Ms. Griebe's Opp'n to Pl.'s Mot. to Dismiss 5, ECF No. 48).

8

to the Magistrate Judge's Rule 11 Order, this Court has broad discretion under Rule 41 "to fashion a fair and equitable resolution of this matter . . . by granting the dismissal while at the same time ordering the reimbursement of the attorney's fees that Mrs. Griebe expended responding to a case that should never have been filed." (Objections to R&R 1). According to Ms. Griebe, it is "the facts of this case," and not merely the Motion for Sanctions, that warrant conditioning dismissal on the award of attorney's fees and costs. (*Id.* at 2).

Having thoroughly reviewed the record, including the transcript of the August 5, 2014 hearing, and carefully considered Ms. Griebe's request for attorney's fees and costs, the Court hereby concludes that dismissal on the terms recommended by the Magistrate Judge is indeed proper under the circumstances of this case. While Ms. Griebe insists that the Magistrate Judge should have recommended conditioning dismissal on the award of attorney's fees and costs regardless of the outcome of the Motion for Sanctions, the arguments Ms. Griebe asserts in support of an independent award of attorney's fees are the very arguments the Magistrate Judge considered and rejected in the Rule 11 Order. Although Ms. Griebe maintains that Plaintiff knowingly filed a frivolous lawsuit, there was conflicting evidence—as correctly noted by the Magistrate Judge in the Rule 11 Order—regarding the authenticity of Ms. Griebe's signature on the GAI. Thus, dismissing Plaintiff's claims against Ms. Griebe without awarding attorney's fees and costs to Ms. Griebe are "terms that the [C]ourt considers proper." Fed. R. Civ. P. 41(a)(2). Accordingly, the Court grants, unconditionally, Plaintiff's Motion to Dismiss and dismisses Plaintiff's claims against Ms. Griebe with prejudice.

In the R&R, the Magistrate Judge further recommends dismissing Ms. Griebe's remaining claims, namely her cross-claims against Mr. Griebe and Metro.[5] Ms. Griebe objects to this recommendation "unless it is without prejudice." (Objections to R&R 2). Although the

---
5.   Ms. Griebe's third-party claims have already been dismissed. (ECF Nos. 41, 105).

R&R does not specify whether the Magistrate Judge recommends dismissing Ms. Griebe's remaining claims with or without prejudice, the Court's dismissal of such claims under 28 U.S.C. § 1367(c)(3) is without prejudice. *See* Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *cf. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). Ultimately, after a comprehensive review of the record and of the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law and that Ms. Griebe's Objections are without merit. Accordingly, the Court adopts the Magistrate Judge's R&R and fully incorporates it into this Order.

## II.     The Magistrate Judge's Rule 11 Order on Ms. Griebe's Motion for Sanctions

Ms. Griebe also objects to the Magistrate Judge's Rule 11 Order denying her Motion for Sanctions. As noted above, unlike timely filed objections to a magistrate judge's report and recommendation on a dispositive matter, which require de novo review by the district judge, objections to a magistrate judge's order on a non-dispositive matter merely trigger review under the more deferential clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636; *compare* Fed. R. Civ. P. 72(a), *with* Fed. R. Civ. P. 72(b). However, as a threshold matter, Ms. Griebe contends that her Motion for Sanctions is actually a dispositive motion such that Rule 72(b) required the Magistrate Judge to enter a report and recommendation as opposed to the Rule

10

11 Order. Therefore, Ms. Griebe asks this Court either to instruct the Magistrate Judge to issue a report and recommendation on the Motion for Sanctions or to construe and consider the Magistrate Judge's Rule 11 Order as a report and recommendation. Under either alternative, Ms. Griebe insists that her Objections warrant de novo review by this Court.

Accordingly, for present purposes, the initial inquiry is whether Ms. Griebe's Motion for Sanctions is a dispositive or non-dispositive matter. The Fourth Circuit has not specifically addressed this issue in a published opinion,[6] and those circuits that have confronted the question "are not uniform on whether Rule 11 sanctions matters are dispositive or non-dispositive." *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 304 n.9 (E.D. Va. 2004). This Court has reviewed the divergent authority and agrees with the court in *Giganti* that "[t]he better reasoned cases conclude that the issue of Rule 11 sanctions is a non-dispositive matter subject to clearly erroneous review under Rule 72(a), unless the nature of the sanction imposed, *i.e.*, dismissal of the offending claim or defense, is itself dispositive of the claim or defense." *Id.* (collecting cases); *see also Manship v. Bros.*, No. 1:11CV1003 JCC/JFA, 2012 WL 527349, at *2 (E.D. Va. Feb. 16, 2012) ("Although the Fourth Circuit has not spoken definitively on whether Rule 11 sanctions matters are dispositive or non-dispositive, the Court finds that the issue of Rule 11 sanctions in this case is non-dispositive, as the nature of the sanction imposed is not dispositive of any claim or defense."); *cf. Rutherford v. Cannon*, No. CIV. A. 8:09-2137, 2010 WL 3475283, at *1 (D.S.C. Sept. 2, 2010) ("[T]he undersigned has determined that the Plaintiff's motion seeking sanctions pursuant to Rule 56(g) is nondispositive and may be disposed of by a magistrate judge."); *Collins v. TIAA-CREF*, No. 3:06-CV-304-RJC, 2009 WL 973106, at *1

---

6. The Fourth Circuit has, however, held in an unpublished opinion that Rule 37 sanctions are non-dispositive. *Kebe ex rel. K.J. v. Brown*, 91 F. App'x 823, 827 (4th Cir. 2004) (per curiam) ("The magistrate judge's order disposing of [the plaintiff's] Rule 37 motion for sanctions is undoubtedly a nondispositive matter covered by Rule 72.").

11

(W.D.N.C. Apr. 8, 2009) ("The award of monetary sanctions against a party for discovery violations is a non-dispositive matter.").

In the matter *sub judice*, the grant or denial of Ms. Griebe's Motion for Sanctions is not and was not dispositive of Plaintiff's case or of any claim asserted therein. The Motion for Sanctions did not seek as a sanction the dismissal of Plaintiff's claims; rather, Ms. Griebe sought an award of costs and attorney's fees. *Collins*, 2009 WL 973106, at *2 (explaining that where the magistrate judge ordered the plaintiff to pay $750.00 to the defendants as a discovery sanction under Rule 37(b), the discovery sanction was non-dispositive and thus governed by Rule 72(a)). In fact, it is Ms. Griebe who would not consent to Plaintiff's voluntary dismissal of its claims and it is Ms. Griebe who continues to oppose Plaintiff's Motion to Dismiss, asking instead that the matter not be disposed of unless or until she is awarded attorney's fees and costs. Thus, Ms. Griebe's own litigation strategy severely undercuts her argument that the Motion for Sanctions was dispositive in nature.

Although the Court is convinced that Ms. Griebe's Motion for Sanctions was not a dispositive matter, in light of the uncertainty surrounding this question and to be thorough, the Court has reviewed the Magistrate Judge's Rule 11 Order de novo. Both standards, however, lead this Court to the same conclusion, as the Magistrate Judge's Rule 11 Order easily withstands Ms. Griebe's remaining Objections under either level of scrutiny. *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 4214837, at *2 (E.D. Va. Aug. 26, 2014) ("Indeed, meeting the higher *de novo* standard necessarily means that [the order] meets the lower clearly erroneous or contrary to law standard.").

Turning to the substance of Ms. Griebe's Objections, in addition to taking issue with the Magistrate Judge's treatment of her Motion for Sanctions as a non-dispositive matter, Ms. Griebe

also objects to the Magistrate Judge's determination that she failed to comply with Rule 11's "safe harbor" provision. As noted in *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385 (4th Cir. 2004) (en banc):

> The requirements of the rule are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought *only* if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion. . . . [T]he rule requires that the party submitting the challenged pleading be given an opportunity to withdraw the pleading . . . .

*Id.* at 389 (emphasis added). Here, Plaintiff sought to withdraw the "challenged paper" or "challenged pleading" prior to Ms. Griebe serving Plaintiff with the Motion for Sanctions. Accordingly, having conducted its de novo review, this Court, like the Magistrate Judge, concludes that Ms. Griebe failed to comply with the requirements of Rule 11's "safe harbor" provision. *See* Fed. R. Civ. P. 11(c)(2).

Finally, Ms. Griebe objects to the Magistrate Judge's determination that Plaintiff's counsel's actions were not sanctionable under Rule 11(b). As noted above, when Plaintiff filed the purportedly "frivolous lawsuit" against Ms. Griebe, there was conflicting evidence regarding the authenticity of Ms. Griebe's signature on the GAI. Thus, applying Rule 11's objective reasonableness standard, the Court cannot conclude that "a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002)) (internal quotation marks omitted). Therefore, the Court finds that the conduct of Plaintiff's counsel did not violate Rule 11(b).

In sum, having reviewed de novo the Rule 11 Order and thoughtfully considered Ms. Griebe's Objections thereto, the Court overrules Ms. Griebe's Objections and affirms the Magistrate Judge's Rule 11 Order.

### III.     Plaintiff's Motion for Entry of Judgment

Lastly, on June 24, 2014, following the execution of the Confession of Judgment by Mr. Griebe and Metro, Plaintiff filed a Motion for Entry of Judgment against these two Defendants. Ms. Griebe filed a Response, opposing Plaintiff's requested entry of judgment as to Mr. Griebe and Metro and asking that the Court rule on her Motion for Sanctions before entering judgment. Having affirmed the Magistrate Judge's Rule 11 Order and adopted the R&R, overruling Ms. Griebe's respective Objections, the Court hereby grants Plaintiff's Motion for Entry of Judgment. Accordingly, Judgment shall be entered against Mr. Griebe and Metro as requested.

### CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R on Plaintiff's Motion to Dismiss. Accordingly, it is **ORDERED** that Plaintiff's Motion to Dismiss is **GRANTED** and her claims against Ms. Griebe are **DISMISSED WITH PREJUDICE**. It is **THEREFORE ORDERED** that Ms. Griebe's remaining claims are **DISMISSED WITHOUT PREJUDICE**. It is **FURTHER ORDERED** that Ms. Griebe's Objections to the Magistrate Judge's Rule 11 Order are **OVERRULED** and the Magistrate Judge's Rule 11 Order is **AFFIRMED**. However, to the extent the Magistrate Judge's Rule 11 Order should have been entered as an R&R, the Court hereby **ADOPTS** the same and fully incorporates it into this Order. Accordingly, Plaintiff's Motion for Entry of Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**January 28, 2015**
**Charleston, South Carolina**